IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON BALMER, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:25-cv-00498 FLSA Collective Action |
| v. | § § | JURY |
| SMART POOL SERVICES, LLC | § § | |
| Defendant. | § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

COMES NOW, Plaintiff BRANDON BALMER (hereinafter "Balmer"), individually and on behalf of all others similarly situated, and for this Original Collective Action Complaint against Defendant SMART POOL SERVICES, LLC (hereinafter "SPS"), does hereby state and allege as follows:

NATURE OF THE CASE

1. Brandon Balmer brings this lawsuit to recover unpaid overtime wages and other damages owed by his employer Smart Pool Services, LLC ("SPS"). The claims are brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

2. SPS paid Balmer and other SPS employees like him a piece rate and an hourly rate.

3. Balmer and other SPS employees like him regularly worked in excess of 40 hours in a week.

4. When Balmer and other SPS employees worked more than 40 hours in a week, SPS did not pay them the proper overtime rate for their overtime hours.

5. SPS miscalculated the "regular rate" used to determine the overtime rate. By failing to include additional payments and nondiscretionary bonuses in their calculation, SPS underpaid Balmer and the collective when paying overtime.

6. In addition, SPS improperly paid Balmer and the collective a "piece rate" when the work performed was not appropriate for a piece rate and no agreement existed between the employees and the employer about the piece rate.

7. When SPS did pay Balmer and the other workers for working more than 40 hours in a week, their overtime rate was not calculated at 1.5x Balmer's and these workers' "regular rate." 29 U.S.C. § 207 (a), (e).

8. SPS's failure to pay overtime wages and to calculate overtime based on employees' regular rates violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

9. This collective action seeks to recover the unpaid wages, including overtime pay, and other damages owed to Balmer and other workers like him at SPS.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because SPS maintains offices in this District and Division.

12. Balmer works for SPS in this District and Division. His territory is near The Woodlands, Texas.

13. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

14. Brandon Balmer is a natural person who is a resident and citizen of Texas.

15. Balmer was, at all relevant times, an employee of SPS.

16. Balmer worked for SPS from October 2022 to present.

17. Balmer's title is Pool Maintenance Specialist. In this role, he performs manual work cleaning and maintaining pools.

18. Balmer represents a collective of similarly situated workers under the FLSA. *See* 29 U.S.C. § 216(b). This FLSA Collective is defined as:

> All current and former employees of Smart Pool Services, LLC who were, at any point in the three years before the filing of this complaint and the entry of final judgment, paid on an hourly basis, but whose overtime compensation was not at least 1.5x their regular rate of pay.

19. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Employees."

20. SPS is a Delaware Limited Liability Company with its headquarters and principal place of business in Austin, Texas. SPS maintains locations across Texas and across the United States. Each location employs pool maintenance specialists who are non-exempt manual workers.

21. SPS may be served by serving its registered agent, Registered Agents, Inc., 5900 Balconies Drive, Suite 100, Austin, Texas 78731, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

22. At all relevant times, SPS was an employer of Balmer and those similarly situated and the within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, SPS was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, SPS was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. During at least the last three years, SPS has had gross annual sales in excess of $500,000.

26. During at least the last three years, SPS was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

27. SPS employs many workers, including Balmer, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

28. The goods and materials handled, sold, or otherwise worked on by Balmer and other SPS employees and that have been moved in interstate commerce include, but are not limited to, chemicals, cleaning equipment, pool equipment, and repair parts.

## FACTUAL ALLEGATIONS

29. SPS is the fastest growing swimming pool services company in the United States. *See* https://spspoolcare.com/about-spspoolcare/ (Last Accessed February 4, 2025).

30. SPS's core focus areas for growth are centered in the states of Texas, Arizona, Nevada, and Florida, with a plan to expand out across other southern states. *See* https://spspoolcare.com/selling-your-business/ (Last Accessed February 4, 2025).

31. Balmer was an hourly employee of SPS.

32. Balmer was hired as a "Pool Maintenance Specialist." This position is non-exempt under the FLSA. It involves manual labor.

33. SPS never paid Balmer a salary.

34. SPS paid Balmer by the hour according to pay stubs issued to Balmer.

35. SPS also paid Balmer a "piece rate" or "per pool rate." The piece rate varied between $16 and $22.50 per pool cleaned, but the payment notations indicated the rate was actually determined by time.

36. For example, one "piece rate" of $16.00 was paid to Balmer for pools the company expected would take 15 to 30 minutes to clean. Accordingly, Balmer's effective rate was $32.00 to $64.00 per hour.

37. SPS also paid Balmer nondiscretionary bonuses.

38. SPS also paid Balmer "bridge pay" which was a nondiscretionary amount paid to Balmer and those similarly situated.

39. Balmer reported the hours he worked to SPS on a regular basis.

40. Balmer's hours are reflected in SPS's records.

41. Balmer normally worked more than 40 hours in a week.

42. But Balmer was not paid the correct overtime premium for any hours worked in excess of 40 in these workweeks.

43. Balmer was instead paid an amount that did not take into account (i) bridge pay; (ii) nondiscretionary bonuses; (iii) improper piece work rate. This resulted in an underpayment and was a violation of the FLSA.

44. For example, during one pay period (01/07/2024 to 01/20/2024), Balmer was paid $77.94 for 10.68 hours of overtime. This reflects a "half time" rate of $7.30 or a

regular rate of $14.60. The pay stub for that pay period reflects an hourly rate of $18.00. No matter how calculated, the overtime rate paid to Balmer was wrong.

45. Balmer typically worked several hours of overtime each work week. He was never paid time and a half as required by the FLSA.

46. SPS miscalculated the regular rate for Balmer and the similarly situated employees.

47. Thus, Balmer was not paid an overtime premium at the rate required by the FLSA for any of his overtime hours.

48. Balmer's nondiscretionary bonuses and "bridge pay" were also not taken into consideration.

49. In other words, Balmer's overtime pay was not paid based on all remuneration paid to Balmer, as required by the FLSA. 29 U.S.C. § 207(e).

50. SPS was aware of the overtime requirements of the FLSA.

51. SPS nonetheless failed to pay certain hourly employees, such as Balmer, overtime at the rates required by the FLSA.

52. SPS's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53. The illegal pay practices SPS imposed on Balmer were likewise imposed on the FLSA Collective Members.

54. SPS employs many other workers who worked over 40 hours per week and were subject to SPS's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

55. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Based on his experience and tenure with SPS, Balmer is aware that SPS' illegal practices were imposed on the FLSA Collective Members. Each pool maintenance specialist employed by SPS is paid in the same manner that violates the FLSA.

56. These workers were similarly situated within the meaning of the FLSA.

57. SPS' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

58. These employees are victims of SPS' unlawful compensation practices and are similarly situated to Balmer in within the meaning of the FLSA.

59. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

60. Balmer alerted SPS to the pay errors and SPS failed to correct their pay practices.

61. The FLSA Collective members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLAIMS FOR RELIEF

### (COUNT 1 – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - OVERTIME)

62. Balmer re-alleges and incorporates by reference the paragraphs stated above as if they were set forth verbatim herein.

63. SPS systematically and regularly miscalculated Balmer's and others' "regular rate."

64. This intentional miscalculation resulted from (i) SPS's failure to include all compensation in its formula to determine regular and overtime rate; (ii) SPS's improper use of a "piece rate," without employee consent, which improperly used a per-piece compensation model based on work that was determined to take a certain amount of time; and/or (iii) failing to take into account all of the Plaintiff's worked, compensable hours, including travel and standby time.

65. By failing to pay Balmer and the FLSA Collective members overtime at 1.5 times their regular rates, SPS violated the FLSA. 29 U.S.C. § 207(a).

66. SPS owes Balmer and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

67. SPS owes Balmer and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

68. SPS knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Balmer and the FLSA Collective members.

69. Because SPS knew, or showed reckless disregard for whether, its pay practices violated the FLSA, SPS owes these wages for at least the past three years.

70. SPS's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime at the correct rate made in good faith.

71. Because SPS's decision not to pay overtime was not made in good faith, SPS also owes Balmer and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

72. Balmer and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

ATTORNEYS' FEES AND LIQUIDATED DAMAGES

73. Balmer seeks to recover attorney's fees and costs pursuant to the FLSA, individually and on behalf of the FLSA Collective members.

74. Balmer requests an award of liquidated damages as permitted by the FLSA, individually and on behalf of the FLSA Collective members.

## LEAVE TO AMEND

75. Balmer reserves the right to amend this Complaint as indicated by the law and as the facts dictate.

## JURY DEMAND

76. Balmer requests a trial by jury.

WHEREFORE, premises considered, Plaintiff Brandon Balmer prays that Defendant be summoned to appear herein and answer; further plaintiff prays and requests for the following relief:

- (a) For an order certifying this a collective action for the FLSA claims;
- (b) For an order finding SPS liable for violations of federal wage laws with respect to Balmer and the FLSA Collective members;
- (c) For a judgment awarding all unpaid wages, liquidated damages, and penalties to Balmer and the FLSA Collective members;
- (d) For a judgment awarding costs of this action to Balmer and the FLSA Collective members;
- (e) For a judgment awarding attorneys' fees to Balmer and the FLSA Collective members;
- (f) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law Balmer and the FLSA Collective members; and
- (g) For all such other and further relief as may be necessary and appropriate.

Dated:        February 5, 2025

                                                Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
Attorney-In-Charge
State Bar No. 24077590
Fed. ID No. 1760723
Ashley B. Reilly
State Bar No. 24114999
Fed. ID No. 38442772
12012 Wickchester Ln, Ste 330
Houston, TX 77079
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEYS FOR PLAINTIFF